EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARLOS COLÓN BÁEZ, acusado y apelante.

*Número:* CR-67-261      *Resuelto:* 23 de octubre de 1968

E. *Armstrong de Watlington, Enrique Miranda Merced* y *Julio García Antique,* abogados del apelante; *Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera* y *Lolita Miranda, Procuradores Generales Auxiliares,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló tres acusaciones contra el apelante. En la primera le imputó una infracción al Art. 155 del Código Penal en grado de subsiguiente consistente en que ". . . allá en o por el día 14 de febrero de 1967, . . . . dicho acusado, ilegal, voluntaria y maliciosa y criminalmente y en contravención a la ley, introdujo a la Cárcel de Distrito de Ponce la droga narcótica conocida por heroína." En las otras dos acusaciones se le imputó, en grado de subsiguiente, (1) transportación y ocultación de la droga narcótica conocida por heroína, y (2) tenencia y posesión ilegal de dicha droga.

Luego de un juicio por tribunal de derecho fue declarado culpable en los tres casos y sentenciado en cada uno a cumplir concurrentemente de 10 a 15 años de presidio.

En este recurso señala como errores, 1) admitir la renuncia al jurado hecha por el apelante, 2) sostener la suficiencia de la acusación por violación del Art. 155 del Código Penal, 3) ser insuficiente la prueba para sostener la convicción por infracción al citado Art. 155 del Código Penal, 4) al no sostener que la evidencia obtenida del apelante fue el producto de un registro ilegal, 5) no se probó la existencia de la convicción anterior.

Los errores no fueron cometidos.

(1) Al comenzar el juicio ocurrió lo siguiente:

"Defensa: Vuestro Honor, el acusado me ha manifestado que quiere renunciar a su derecho a juicio por Jurado, y quiere que su caso sea por Tribunal de Derecho.

La Corte: Bien. A usted se le acusa, señor, de dos infracciones a la Ley de Narcóticos y una infracción al Artículo 155 del Código Penal. Usted tiene derecho a juicio por Jurado en las tres causas. Dice su abogado que usted renuncia al Jurado. ¿Eso es así?

Acusado: Si, señor.

La Corte: Esa renuncia que usted hace la hace voluntariamente?

Acusado: Si, señor.

La Corte: Bien. Así que su caso será visto por Tribunal de Derecho. Se acepta la renuncia que ha hecho el acusado a su derecho a juicio por Jurado. . . ." (T.E. pág. 2)

No hay duda de que la renuncia al derecho a juicio por jurado debe ser hecha por el acusado personalmente, voluntaria e inteligentemente. *Pueblo* v. *Juarbe de la Rosa*, 95 D.P.R. 753 (1968).

El aquí apelante hizo la renuncia personal y voluntariamente. Sólo queda por determinar si dicha renuncia fue hecha inteligentemente. Podría decirse que no se explicó al acusado la diferencia entre un juicio por jurado y uno por tribunal de derecho. Sin embargo surgen del récord circunstancias demostrativas de que el acusado conocía esa diferencia. En primer lugar, fue el propio acusado quien ma-

nifestó a su abogado que quería renunciar su derecho a juicio por jurado y que sus casos se ventilarían ante tribunal de derecho. En segundo lugar, se le estaba acusando por delitos en grados de subsiguiente lo que hace suponer un mayor conocimiento del acusado de los procesos criminales. Así resulta ser, pues el acusado fue anteriormente procesado ante un jurado por el delito de Robo. *Pueblo* v. *Fernando Luis Vega Vera*, CR-65-480, Sentencia de 15 de diciembre de 1966. Consideradas las anteriores circunstancias tenemos que concluir que el acusado-apelante renunció inteligentemente su derecho a juicio por jurado.

(2) La acusación por infracción al Art. 155 del Código Penal, cuya parte esencial hemos copiado, imputa delito público. Dicho artículo prohibe y penaliza la introducción, en contravención de la ley, de drogas narcóticas en una institución penal. No es que la introducción tenga que ser, como alega el apelante, para un confinado. De la introducción en la institución penal se encarga el párrafo segundo del citado artículo. De la venta, donación o entrega de drogas narcóticas a un confinado, dentro o fuera de la institución penal se encarga el párrafo cuarto del mismo artículo.(1)

---

(1) El párrafo segundo del Art. 155 del Código Penal (33 L.P.R.A. sec. 512) lee:

"Toda persona que en contravención a la ley vendiere o ayudare a vender o circular o que intentare introducir, vender o circular o que introduzca, venda o circule, drogas, narcóticos o estupefacientes, armas de cualquier clase, navajas u hojas de afeitar, bebidas alcohólicas o bebidas embriagantes, explosivos, proyectiles o cualquier otro artículo o cosa de contrabando, o cualquier carta o mensaje de contrabando, a un confinado en una institución penal, prisión o cárcel en Puerto Rico o en los terrenos de la misma, incurrirá en delito grave y convicta que fuere será castigada, con multa máxima de diez mil (10,000) dólares o prisión por un término no menor de uno ni mayor de diez años, o ambas penas a discreción del tribunal."

Y el párrafo cuarto dispone:

"Toda persona que venda, done o en alguna otra forma, entregue, drogas, narcóticos o estupefacientes, armas de cualquier clase, navajas u hojas de afeitar, bebidas alcohólicas o bebidas embriagantes, explosivos, proyectiles o cualquier otro artículo o cosa de contrabando o cualquier

■ La prueba demostró que el apelante, al regresar de un pase que se le había concedido introdujo en la Cárcel de Distrito de Ponce, donde estaba confinado, la droga narcótica conocida por heroína. No había que probar, según resolvimos al disponer del error anterior, que la droga se introdujo para otro confinado.

■ (4) Una vez que el apelante regresó a la cárcel acompañado del cabo de la Guardia de Penales fue conducido al sitio donde los confinados guardan la ropa que usan fuera del penal y se les entrega el uniforme azul. Por disposición de una regla interna de la cárcel establecida en 1946, el apelante fue registrado encontrándose en su persona, la droga narcótica conocida por heroína.

La evidencia así obtenida era admisible como prueba por ser el producto de un registro legal, el cumplimiento de una rutina necesaria y adecuada en nuestras instituciones penales.

■ El derecho constitucional contra registros irrazonables no protege al apelante en este caso.

■ (5) Apareciendo de la minuta de 7 de junio de 1967 que el apelante aceptó la alegación de convicción anterior en cada uno de los casos, resulta frívolo el señalamiento de que el fiscal no probó dicha convicción.

*Se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Santana Becerra no intervino.

---

carta o mensaje de contrabando, a un confinado de una institución penal, cárcel o presidio en Puerto Rico, dentro o fuera de la misma, a sabiendas de que es un confinado, incurrirá en delito grave y convicta que fuere será castigada con multa máxima de diez mil (10,000) dólares o prisión no menor de uno ni mayor de diez años, o ambas penas a discreción del tribunal."